IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRAFFIC INFORMATION, LLC § <br> § <br> *Plaintiff*, § <br> vs. § <br> § <br> AT&T MOBILITY LLC, JVC AMERICAS § <br> CORPORATION, PANASONIC § <br> CORPORATION OF NORTH AMERICA, § <br> RESEARCH IN MOTION CORPORATION, § <br> SONY ERICSSON MOBILE § <br> COMMUNICATIONS (USA) INC., SPRINT § <br> SOLUTIONS, INC., T-MOBILE USA, INC., § <br> CELLCO PARTNERSHIP d/b/a/ VERIZON § <br> WIRELESS, VOLVO CARS OF NORTH § <br> AMERICA, LLC and VOVDT MOTORS § <br> LIMITED PARTNERSHIP d/b/a VOLVO § <br> OF DALLAS § <br> § <br> *Defendants*. § | Case No. 2:09-cv-083 <br><br> **JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Traffic Information, LLC ("Traffic") brings this action against defendants AT&T Mobility LLC ("AT&T"), JVC Americas Corporation ("JVC"), Panasonic Corporation of North America ("Panasonic"), Research in Motion Corporation ("RIM"), Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson"), Sprint Solutions, Inc. ("Sprint"), T-Mobile USA, Inc. ("T-Mobile"), Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), Volvo Cars of North America, LLC ("Volvo"), and VODVT Motors Limited Partnership d/b/a Volvo of Dallas ("Volvo of Dallas"), and alleges:

**THE PARTIES**

1. Traffic is a limited liability company organized and existing under the laws of the State of Texas.

2. On information and belief, AT&T is a limited liability company organized and existing under the laws of Delaware, has a principal place of business at 5565 Glenridge Connector NE, Suite 510, Atlanta, Georgia 30342-4796, has designated its registered agent in Texas for purposes of service of process as Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232, and is doing business in this judicial district.

3. On information and belief, JVC is a corporation organized and existing under the laws of Delaware, has a principal place of business at 1700 Valley Road, Wayne, New Jersey 07470-8436, has designated its registered agent and office for purposes of service of process in Texas as CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240, and is doing business in this judicial district.

4. On information and belief, Panasonic is a corporation organized and existing under the laws of Delaware, has a principal place of business at One Panasonic Way, Secaucus, New Jersey 07094, has designated its registered agent and office for purposes of service of process in Texas as CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240, and is doing business in this judicial district.

5. On information and belief, RIM is a corporation organized and existing under the laws of Delaware, has a principal place of business at 122 West John Carpenter Freeway, Suite 430, Irving, Texas 75039-2013, has designated its registered agent for purposes of service of process as CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240, and is doing business in this judicial district.

6. On information and belief, Sony Ericsson is a corporation organized and existing under the laws of Delaware, has a principal place of business at 7001 Development Drive, Research Triangle Park, North Carolina 27709, has designated its registered agent for purposes of service of process in Texas as Capitol Corporate Services, Inc., 800 Brazos Street, Suite 400, Austin, Texas 78701-2548, and is doing business in this judicial district.

7. On information and belief, Sprint is a corporation organized and existing under the laws of Delaware, has a principal place of business at 6500 Sprint Parkway MS HL-5ASTX, Overland Park, Kansas 66251-6108, has designated its registered agent for purposes of service of process in Texas as Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232, and is doing business in this judicial district.

8. On information and belief, T-Mobile is a corporation organized and existing under the laws of Delaware, has a principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006, has designated its registered agent for purposes of service of process in Texas as Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232, and is doing business in this judicial district.

9. On information and belief, Verizon is a general partnership organized and existing under the laws of Delaware, has a principal place of business at One Verizon Way, Basking Ridge, New Jersey, 07920, has designated its registered agent for purposes of service of process as The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, and is doing business in this judicial district.

10. On information and belief, Volvo is a corporation organized and existing under the laws of Delaware, has a principal place of business at 1 American Road, Room 612, Dearborn,

Michigan 48126-2701, has designated its registered agent for purposes of service of process in Texas as C T Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240, and is doing business in this judicial district.

11. On information and belief, Volvo of Dallas is a limited partnership organized and existing under the laws of Texas, has a principal place of business within this judicial district at 2900 North Interstate 35E, Carrollton, Texas 75007, has designated its registered agent for purposes of service of process in Texas as C T Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240, and is doing business in this judicial district.

## JURISDICTION AND VENUE

12. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

13. Subject-matter jurisdiction over Traffic's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

14. On information and belief, each defendant has solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas, including benefits directly related to the instant patent infringement cause of action set forth herein.

15. On information and belief, each defendant has placed its allegedly infringing products and services into the stream of commerce throughout the United States with the expectation that they will be used by consumers in this judicial district, which products and services have been offered for sale and used in Texas and this judicial district. On information and belief, infringement with regard to each defendant's allegedly infringing products has occurred and continues to occur in Texas and in this judicial district.

16. Each defendant is subject to personal jurisdiction in Texas and this judicial district, and is doing business in this judicial district.

17. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

### COUNT I – INFRINGEMENT OF THE '862 PATENT

18. Traffic realleges and incorporates by reference the allegations in paragraphs 1-16.

19. On October 15, 2002, U.S. Patent No. 6,466,862 ("the '862 patent"), entitled "System For Providing Traffic Information," a copy of which is attached hereto as Exhibit A, was duly and legally issued. Traffic is the owner by assignment of all right, title and interest in and to the '862 patent, including the right to sue for and recover all past, present and future damages for infringement of the '862 patent.

20. AT&T, RIM, Sony Ericsson, Sprint, T-Mobile and Verizon Wireless, alone and in conjunction with others, have in the past and continue to infringe, contribute to infringement, and/or induce infringement of the '862 patent by making, using, selling, offering to sell and/or importing, and/or causing others to use, traffic information systems and products and services that alone or in combination with other devices are covered by at least one claim of the '862 patent, and are liable for infringement of the '862 patent pursuant to 35 U.S.C. § 271.

21. One or more of these defendants have committed acts of patent infringement in this district by offering to sell and selling products and services in this district which in use and in combination with other devices infringe one or more claims of the '862 patent.

22. Each defendant's acts of infringement have caused damage to Traffic, and Traffic is entitled to recover from each defendant the damages sustained by Traffic as a result of each defendant's wrongful acts in an amount subject to proof at trial.

23. As a consequence of the infringement complained of herein, Traffic has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless each defendant is enjoined by this Court from committing further acts of infringement.

### COUNT II – INFRINGEMENT OF THE '606 PATENT

24. Traffic realleges and incorporates by reference the allegations in paragraphs 1-16.

25. On August 31, 2004, U.S. Patent No. 6,785,606 ("the '606 patent"), entitled "System For Providing Traffic Information," a copy of which is attached hereto as Exhibit B, was duly and legally issued. Traffic is the owner by assignment of all right, title and interest in and to the '606 patent, including the right to sue for and recover all past, present and future damages for infringement of the '606 patent.

26. AT&T, JVC, Panasonic, RIM, Sony Ericsson, Sprint, T-Mobile, Verizon Wireless, Volvo and Volvo of Dallas, alone and in conjunction with others, have in the past and continue to infringe, contribute to infringement, and/or induce infringement of the '606 patent by making, using, selling, offering to sell and/or importing, and/or causing others to use, traffic information systems and products and services that alone or in combination with other devices are covered by at least one claim of the '606 patent, and are liable for infringement of the '606 patent pursuant to 35 U.S.C. § 271.

27. One or more of these defendants have committed acts of patent infringement in this district by offering to sell and selling products and services in this district which in use and in combination with other devices infringe one or more claims of the '606 patent.

28. Each defendant's acts of infringement have caused damage to Traffic, and Traffic is entitled to recover from each defendant the damages sustained by Traffic as a result of each defendant's wrongful acts in an amount subject to proof at trial.

29. As a consequence of the infringement complained of herein, Traffic has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless each defendant is enjoined by this Court from committing further acts of infringement.

### PRAYER FOR RELIEF

**WHEREFORE**, Traffic prays for entry of judgment that:

A. AT&T, RIM, Sony Ericsson, Sprint, T-Mobile and Verizon Wireless have each infringed the '862 patent;

B. AT&T, JVC, Panasonic, RIM, Sony Ericsson, Sprint, T-Mobile, Verizon Wireless, Volvo and Volvo of Dallas have each infringed the '606 patent;

C. Each defendant account for and pay to Traffic all damages caused by its individual and/or joint infringement of the '862 patent and/or the '606 patent as complained of herein in accordance with 35 U.S.C. § 284;

D. Traffic be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining each defendant, its officers, agents, servants, employees and those persons in active concert or participation with them from further acts of patent infringement;

E. Traffic be granted pre-judgment and post-judgment interest on the damages caused to it by reason of each defendant's patent infringement complained of herein;

F. Traffic be granted its reasonable attorneys' fees;

G. Costs be awarded to Traffic; and,

      **H.**  Traffic be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Traffic demands trial by jury on all claims and issues so triable.

Respectfully submitted,

Dated: April 9, 2009       By: /s/ C. Dale Quisenberry_____
        C. Dale Quisenberry
        State Bar No. 24005040
        dquisenberry@pqelaw.com
        John T. Polasek
        State Bar. No. 16088590
        tpolasek@pqelaw.com
        Jeffrey S. David
        State Bar No. 24053171
        jdavid@pqelaw.com
        POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
        6750 West Loop South, Suite 920
        Bellaire, Texas 77401
        Telephone: (832) 778-6000
        Facsimile: (832) 778-6010

        S. Calvin Capshaw
        State Bar No. 03783900
        ccapshaw@capshawlaw.com
        Elizabeth L. DeRieux
        State Bar No. 05770585
        ederieux@capshawlaw.com
        CAPSHAW DERIEUX, L.L.P.
        1127 Judson Road, Suite 220
        P.O. Box 3999
        Longview, Texas 75601-5157
        Telephone: (903) 236-9800
        Facsimile: (903) 236-8787

        Otis W. Carroll

State Bar No. 03895700
nancy@icklaw.com
J. Wesley Hill
State Bar No. 24032294
wesleyhill@icklaw.com
IRELAND, CARROLL & KELLEY, P.C
6101 S. Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 9th day of April, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ C. Dale Quisenberry