IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRAFFIC INFORMATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY, LLC, et al.,<br><br>Defendants.<br><br>JVC AMERICAS CORP.,<br><br>Counterclaimant,<br><br>v.<br><br>TRAFFIC INFORMATION, LLC,<br><br>Counterdefendant. | CIVIL ACTION NO. 2:09-CV-083<br>JURY TRIAL DEMANDED |

### JVC AMERICAS CORP.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS, AND JURY DEMAND

Defendant JVC Americas Corp. ("JVC") hereby responds to the Amended Complaint of Traffic Information, LLC ("Traffic") with the following Answer, Affirmative Defenses, and Counterclaims:

### GENERAL DENIAL

Unless specifically admitted below, JVC denies each and every allegation in the Amended Complaint.

### RESPONSE TO SPECIFIC ALLEGATIONS

In answer to the separately numbered paragraphs in the Amended Complaint, JVC states the following:

# THE PARTIES[1]

1. JVC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and on that basis denies those allegations.

2. JVC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis denies those allegations.

3. JVC admits that it is a corporation organized and existing under the laws of Delaware with its principal place of business at 1700 Valley Road, Wayne, NJ 07470. JVC admits it has designated its registered agent for purposes of service of process in Texas as CT Corporation System, 350 North Saint Paul Street, Dallas, TX 75201. JVC denies all other factual averments in paragraph 3.

4. JVC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis denies those allegations.

5. JVC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and on that basis denies those allegations.

6. JVC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis denies those allegations.

7. JVC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis denies those allegations.

8. JVC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis denies those allegations.

9. JVC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis denies those allegations.

---

[1] The headings in the Amended Complaint are reproduced herein solely for the convenience of the reader. To the extent such headings include or infer allegations, they are hereby denied.

10. JVC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis denies those allegations.

11. JVC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies those allegations.

## JURISDICTION AND VENUE

12. The allegations in Paragraph 12 seek to characterize and assert legal conclusions regarding Traffic's claims and therefore no response is required. To the extent a response is deemed to be required, JVC admits that the Amended Complaint purports to assert claims arising under the Acts of Congress relating to patents.

13. The allegations in Paragraph 13 seek to characterize and assert legal conclusions regarding Traffic's claims and therefore no response is required. To the extent a response is deemed to be required, JVC admits that this Court has subject matter jurisdiction over this action.

14. JVC admits that it has transacted business within the State of Texas. JVC denies that it has committed, contributed to and/or induced acts of patent infringement in this judicial district. JVC lacks knowledge or information sufficient to form a belief whether the averments of paragraph 14, as related to all other defendants, are true, and therefore denies them.

15. JVC admits that it has placed products and services into the stream of commerce in the United States with the expectation that they will be used by consumers. JVC does not know what products are "allegedly infringing" and denies that any of its products infringe. Based on the lack of specificity in the Amended Complaint, JVC further denies that any "allegedly infringing" products are or were used or sold in this Judicial District. JVC denies all other factual averments of paragraph 15, as related to JVC. JVC lacks knowledge or information

sufficient to form a belief whether the averments of paragraph 15, as related to all other defendants, are true, and therefore denies them.

16.     JVC does not contest personal jurisdiction for purposes of this case. Based on the lack of specificity in the Amended Complaint, JVC lacks knowledge or information sufficient to form a belief whether it is "doing business in this judicial district" as that phrase is used in Amended Complaint, and therefore denies that allegation. JVC denies all other factual averments of paragraph 16, as related to JVC. JVC lacks knowledge or information sufficient to form a belief whether the averments of paragraph 16, as related to other defendants, are true, and therefore denies them.

17.     The allegations in Paragraph 17 state legal conclusions as to which no response is required. To the extent a response is deemed to be required, JVC denies the allegations in Paragraph 17.

### COUNT 1: INFRINGEMENT OF THE '862 PATENT

18.     In response to the allegations in Paragraph 18, JVC incorporates by reference its responses to Paragraphs 1 through 16 of the Complaint as if set forth fully herein.

19.     JVC admits that on its face U.S. Patent No. 6,466,862 ("'862 Patent") indicates that it issued on October 15, 2002 to Bruce DeKock as assignee of Bruce W. DeKock, Kevin L. Russell, and Richard J. Qian, and that the patent is entitled "System for Providing Traffic Information." Except as expressly admitted, JVC lacks sufficient knowledge or information to form a belief as to truth of the allegations in Paragraph 19, and on that basis denies those allegations.

20.     The allegations in Paragraph 20 relate to defendants other than JVC and therefore no response is required. To the extent a response is deemed to be required, JVC is without

4

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and on that basis denies those allegations.

21. The allegations in Paragraph 21 relate to defendants other than JVC and therefore no response is required. To the extent a response is deemed to be required, JVC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and on that basis denies those allegations.

22. The allegations in Paragraph 22 relate to defendants other than JVC and therefore no response is required. To the extent a response is deemed to be required, JVC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis denies those allegations.

23. The allegations in Paragraph 23 relate to defendants other than JVC and therefore no response is required. To the extent a response is deemed to be required, JVC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis denies those allegations.

## COUNT II: INFRINGEMENT OF THE '606 PATENT

24. In response to the allegations in Paragraph 24, JVC incorporates by reference its responses to Paragraphs 1 through 16 of the Complaint as if set forth fully herein.

25. JVC admits that on its face U.S. Patent No. 6,785,606 ("'606 Patent") indicates that it issued on August 31, 2004 to Bruce W, DeKock, Kevin L. Russell, and Richard J. Qian, and that the patent is entitled "System for Providing Traffic Information." Except as expressly admitted, JVC lacks sufficient knowledge or information to form a belief as to truth of the allegations in Paragraph 25, and on that basis denies those allegations.

26. Denied as to JVC. JVC lacks knowledge or information sufficient to form a belief whether the averments of paragraph 26, as related to all other defendants, are true, and therefore denies them.

27. Denied as to JVC. JVC lacks knowledge or information sufficient to form a belief whether the averments of paragraph 27, as related to all other defendants, are true, and therefore denies them.

28. Denied as to JVC. JVC lacks knowledge or information sufficient to form a belief whether the averments of paragraph 28, as related to all other defendants, are true, and therefore denies them.

29. Denied as to JVC. JVC lacks knowledge or information sufficient to form a belief whether the averments of paragraph 29, as related to all other defendants, are true, and therefore denies them.

### RESPONSE TO TRAFFIC'S PRAYER FOR RELIEF

JVC denies that Traffic is entitled to any relief whatsoever against JVC in this action, either as prayed for in its Amended Complaint or otherwise.

### DEMAND FOR JURY TRIAL

JVC admits that Traffic has demanded a jury trial on its claims.

### AFFIRMATIVE DEFENSES

### First Defense: Non-Infringement

JVC has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '606 Patent.

**Second Defense: Invalidity**

On information and belief, after a reasonable opportunity for further investigation and/or discovery, each claim of the '606 Patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, because one or more of the claims lack definiteness, because the alleged inventions thereof lack utility and one or more of the claims are not enabled, because one or more claims are invalid inasmuch as they are taught by, suggested by, anticipated by, and/or obvious in view of the prior art, and/or are unsupported by the written description of the invention, and because no claim of the patents can be validly construed to cover a JVC product.

**Third Defense: Marking**

Prior to receiving a copy of the complaint in this action, JVC had neither actual nor constructive notice of the '606 Patent because the lawful owner of that patent had failed to mark devices that embody one or more of the claims of the '606 Patent with proper notice of such patent, as required by 35 U.S.C. § 287, such that Traffic is not entitled to any pre-filing damages pursuant to that provision.

**Fourth Defense: Prosecution History Estoppel**

As a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications for the '606 Patent, specifically the admissions, representations, and amendments made on behalf of the applicants for the patent, Traffic is estopped from asserting any construction of the claims of the '606 Patent to cover any activity engaged in or product sold by JVC.

### Fifth Affirmative Defense:  Ownership

On information and belief, after a reasonable opportunity for further investigation and/or discovery, Traffic's claims are barred under the doctrines explained in *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456 (Fed. Cir. 1998) and other cases because Traffic does not solely own the rights to assert the patents-in-suit.

### Sixth Affirmative Defense:  Limitation on Damages

Traffic's claims for damages are limited by 35 U.S.C. § 286.

### Seventh Affirmative Defense:  License

Traffic's claims are barred in whole or in part by express or implied license and/or the doctrine of patent exhaustion.

### Eighth Affirmative Defense:  Laches, Estoppel, Waiver

Traffic's claims are barred in whole or in part by the doctrines of laches, estoppel, and/or waiver.

### Ninth Affirmative Defense:  No Injunctive Relief

Traffic's claims for equitable relief are barred because Traffic has failed to plead the requisite elements of injunctive relief, and any alleged injury to Traffic is not immediate and/or irreparable.  Traffic has an adequate remedy at law for any alleged injury and there is a compelling public interest in allowing JVC to continue operate its allegedly infringing system.

### COUNTERCLAIMS

JVC, for its counterclaims against Traffic, alleges as follows:

### General Allegations

1. Paragraphs 1 through 29 of this Answer, JVC's response to Traffic's prayer for relief, and the affirmative defenses raised by JVC are incorporated by reference as though fully pleaded herein.

2. Counterclaimant JVC Americas Corp. ("JVC") is a Delaware corporation with its principle place of business at 1700 Valley Road, Wayne, NJ 07470.

3. Plaintiff and counter-defendant Traffic Information Systems ("Traffic") alleges in its Complaint that it is a Texas limited liability corporation.

4. Traffic alleges that it has been and is still the owner of United States Letter Patent No. 6,785,606 ("'606 Patent").

### Jurisdiction and Venue

5. In its counterclaims, JVC seeks to obtain a judgment declaring that the '606 Patent is invalid and not infringed by JVC. These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly, Title 28 of the United States Code, §§ 2201 and 2202, and Title 35 of the United States Code

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 2201 et seq.

7. Personal jurisdiction and venue are proper as a result of Traffic having availed itself of this Court to sue JVC.

### First Counterclaim
### (Declaratory Judgment Of Non-Infringement)

8. Paragraphs 1 through 7 are incorporated by reference as though fully pleaded herein.

9. JVC's products do not infringe, either directly or indirectly, any claim of the '606 Patent, and JVC is not liable for infringement thereof.

10. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between JVC and Traffic concerning the infringement and validity of the '606 Patent. Absent a

9

declaration of non-infringement and invalidity, Traffic will continue to wrongfully assert the '606 Patent against JVC and others, including its customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause JVC irreparable injury and damage.

## Second Counterclaim
### (Declaratory Judgment of Invalidity)

12.     Paragraphs 1 through 11 are incorporated by reference as though fully pleaded herein.

13.     The '606 Patent and each claim thereof are invalid for failure to comply with the requirements of the Patent Laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

14.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between JVC and Traffic concerning the validity of the '606 Patent. Absent a declaration of invalidity, Traffic will continue to assert the '606 Patent against JVC and others, including its customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause JVC irreparable injury and damage.

## PRAYER FOR RELIEF

**WHEREFORE** as to its Counterclaims, JVC prays that the Court:

### On Plaintiff's Claims

A.     Enter judgment in JVC's favor, and against Traffic, thereby dismissing Traffic's Complaint in its entirely, with prejudice, with Traffic taking nothing by way of its claims;

B.     Find that each of the claims of the '606 Patent is not infringed by any actions of JVC or its customers, suppliers, users, licensees, vendors or vendees, or others using its products either alone or in combination with any other product;

C. Find that each of the claims of the '606 Patent is invalid and/or unenforceable;

D. Deny all of Traffic's requests for injunctive relief;

E. Enjoin Traffic, its assigns, licensees, and all those in privity therewith from asserting any of the patents-in-suit against JVC or its customers, affiliates, and all others in privity with JVC; and

F. Declare that this case is an exceptional case under 35 U.S.C. § 285 and award JVC its costs, attorneys' fees, and expenses; and

G. Grant JVC such other and further relief as this Court deems just and proper under the circumstances.

## On Defendant's Counterclaims

H. Enter judgment against Traffic and in favor of JVC with respect to JVC's counterclaims;

I. Declare that JVC and its customers, affiliates, and all others in privity with JVC do not infringe and have not infringed any of the claims of the '606 Patent;

J. Declare that the '606 Patent asserted by Traffic is invalid;

K. Declare that Traffic, its assigns, licensees, and all those in privity therewith are, collectively and individually, barred from asserting infringement of the '606 Patent against or collecting damages from JVC or its customers, affiliates, and all others in privity with JVC;

L. Declare that this case is an exceptional case under 35 U.S.C. § 285 and award JVC its costs, attorneys' fees, and expenses; and

M. Grant JVC such other and further relief as this Court deems just and proper under the circumstances.

11

## JURY DEMAND

JVC demands a trial by jury as to all issues so triable.

Respectfully submitted,

*/s/* Steven J. Routh
Steven J. Routh (D.C. Bar # 376068)
LEAD ATTORNEY
Sten Jensen (D.C. Bar # 443300)
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C.  20005
Telephone: 202-339-8436
Facsimile: 202-339-8500
Email: srouth@orrick.com
sjensen@orrick.com

William H. Wright (Cal. Bar # 161580)
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA  90017
Telephone: 213-612-2478
Facsimile: 213-612-2499
Email: wwright@orrick.com

*Attorneys for JVC Americas Corp.*

Dated September 8, 2009

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 8, 2009, a copy of the foregoing JVC AMERICAS CORP.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS, AND JURY DEMAND was filed electronically. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ T. Vann Pearce, Jr.
T. Vann Pearce, Jr.
Orrick, Herrington, & Sutcliffe LLP
1152 15th Street, NW
Washington DC 20005